UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CATHERINE ROGERS, | Civil No. 06-385 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| LINDA McMAHON,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

Ethel J. Schaen, **SCHAEN LAW OFFICE**, 1821 University Avenue, Suite 344 South, St. Paul, MN 55104; Thomas A. Krause, **THOMAS A. KRAUSE, PC**, 701 34th Place, West Des Moines, IA 50265, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Plaintiff Catherine Rogers brings this action against the Commissioner of Social Security seeking judicial review of the denial of her application for disability insurance benefits. In a Report and Recommendation dated December 22, 2006, United States Magistrate Judge Arthur J. Boylan recommended that the Court grant plaintiff's motion for summary judgment and deny defendant's motion for summary judgment.

This matter is before the Court on defendant's objections to the Report and Recommendation. The Court has conducted a *de novo* review of defendant's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth

below, the Court adopts the Report and Recommendation of the Magistrate Judge and remands the case to the Commissioner of Social Security for an award of benefits.

## BACKGROUND

Plaintiff Catherine Rogers was born on April 14, 1952, and she was 50 years old on the onset date of her alleged disability. She has a high school education and a degree in practical nursing from a vocational-technical school. She worked previously as licensed practical nurse. Plaintiff filed an application for disability benefits on December 12, 2002, asserting that she is completely unable to work because of "[p]hysical pain, severe swelling, stiffness, depression, [and] fatigue." (Admin. R. 384.)

The Social Security Administration denied plaintiff's application initially and on reconsideration. Plaintiff then requested and received a hearing, which was held before an Administrative Law Judge ("ALJ") on February 24, 2005. The ALJ evaluated plaintiff's claim according to the five-step sequence required by Social Security regulations. *See* 20 C.F.R. § 404.1520. The sequence requires the Commissioner to determine: (1) whether the claimant is presently engaged in "substantial gainful activity"; (2) whether the claimant has a severe impairment – one that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the "residual functional capacity" ("RFC") to perform her past relevant work; and (5) if the claimant cannot perform the

past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. 20 C.F.R. § 404.1520(a); *Kerns v. Apfel*, 160 F.3d 464, 466 n.6 (8th Cir. 1998).

At steps one through three, the ALJ determined that plaintiff has not engaged in substantial gainful employment since her alleged onset date of June 25, 2002, and that plaintiff is severely impaired by osteoarthritis of the right hand (status post synovectomy), osteoarthritis of the right knee (status post total knee arthroplasty), fibromyalgia, osteopenia, and depression. However, the ALJ determined that her impairments do not meet or equal one of the listed presumptively disabling impairments.

At step four, the ALJ determined that plaintiff had the following RFC: 1) lift and carry up to 20 pounds occasionally and up to 10 pounds frequently; 2) stand and/or walk for 6 hours and sit for 6 hours in an 8 hour work day; 3) perform work that requires no repetitive rotation of the neck, no power gripping, twisting, or pounding with the dominant right hand, no over shoulder work or right pedal foot manipulations; 4) no exposure to dangerous or hazardous equipment or machinery or vibrating, no use of ladder or scaffolding or other exposure to heights, no exposure to extreme temperatures or humidity; and 5) limited to semi-skilled work due to an affective mood disorder. Based on the RFC and the testimony of a vocational expert, the ALJ concluded that plaintiff could not perform her past relevant work but could perform the job of a security guard, cashier, and office helper. Therefore, the ALJ found plaintiff not disabled as defined under the Social Security Act and denied her application for benefits. The ALJ rendered this unfavorable decision on June 28, 2005.

Plaintiff submitted additional evidence to the Appeals Council on July 28, 2005. The additional evidence discussed the pain in plaintiff's right hand and knee and indicated that she was unable to perform the jobs identified by the vocational expert. The Appeals Council admitted this additional information into evidence, but did not discuss the information in its decision. The Social Security Administration Appeals Council denied plaintiff's request for review, which made the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §404.981; *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). Plaintiff initiated an action in federal court seeking review of the decision pursuant to 42 U.S.C. § 405(g). Both parties filed motions for summary judgment.

Plaintiff primarily argued the ALJ's decision is not supported by substantial evidence on the record because the ALJ erred in discounting the opinion of Dr. Sheely, one of plaintiff's treating physicians. The Magistrate Judge agreed with plaintiff and concluded that an award of benefits is warranted. For the reasons explained below, the Court adopts the Report and Recommendation.

## ANALYSIS

**I.      STANDARD OF REVIEW**

The Court may reject the Commissioner's decision only if it is not supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is relevant evidence that a reasonable person would accept as adequate to support the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Craig v. Apfel*, 212 F.3d 433, 435 (8th Cir. 2000). In determining whether evidence in the record

is substantial, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig*, 212 F.3d at 435. However, the Court may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *Id*.

## II.   DEFENDANT'S OBJECTION

In the objection, defendant argues that the ALJ had valid reasons to discount the opinion of Dr. Sheely, and that the ALJ's decision is supported by substantial evidence. The Court disagrees with this argument, and concludes that the record overwhelmingly supports a finding of disability.

Dr. Sheely has been involved in the treatment of plaintiff's arthritis since November 2000. Specifically, Dr. Sheely administered numerous injections to plaintiff to help alleviate pain in her right hand and knee. On January 20, 2005, Dr. Sheely opined that because of pain and arthritis in plaintiff's hand and knee, plaintiff was incapable of lifting any weight and could only stand or walk for 30 minutes in an eight-hour day. The ALJ rejected the opinion of Dr. Sheely, and refused to include these limitations in the RFC. The ALJ concluded that Dr. Sheely's restrictions were inconsistent with the medical record, the conservative treatment regime, and plaintiff's testimony. The ALJ instead relied upon the opinion of a non-treating physician, Dr. Chisholm.

The Court finds that Dr. Sheely's restriction on lifting weight is consistent with the medical record. An x-ray revealed degenerative arthritis in plaintiff's right thumb. Dr. Sheely referred plaintiff to Dr. Koch for evaluation of the pain in her hands.

Dr. Koch concluded that plaintiff has "a rather inflammatory form of arthritis and [has] not respond[ed] well to conservative care." (Admin. R. 160.) Dr. Koch later performed surgery on plaintiff's right hand. Plaintiff underwent extensive physical therapy following the surgery. Despite these interventions, the medical record demonstrates that plaintiff still reported experiencing great pain in her hand, and that she had to give up her job and most of her leisure activities as a result.

Dr. Sheely's walking and standing restrictions are also supported by the medical record. Plaintiff has had a history of problems with her right knee. On September 8, 2000, Dr. Nemanich noted that plaintiff walked with a limp on her right leg and that squatting caused her severe pain in her right knee. An MRI revealed degenerative arthritis in her right knee. Over the next several years, plaintiff saw multiple physicians about pain in her knee. She had surgery two times on her knee and received numerous injections. Plaintiff reported constant pain in 2004, and Dr. O'Neill noted that conservative management for her right knee had failed and recommended total knee replacement. Dr. O'Neill ultimately performed a total knee replacement. Plaintiff testified that her knee nevertheless remains swollen and sore and limits her walking and standing.

The ALJ also discounted Dr. Sheely's restrictions as inconsistent with plaintiff's "conservative treatment regime," but the record does not support this assertion. As outlined above, plaintiff attempted conservative treatments for both her hand and knee, but when conservative treatments failed, she underwent aggressive surgeries.

The ALJ also inappropriately concluded that Dr. Sheely's restrictions were inconsistent with plaintiff's testimony. The ALJ concluded that plaintiff's testimony indicates that she is "able to live an active lifestyle and suggests that her impairments are not as severe as she reports." (Admin. R. 20.) The Court finds that the evidence in the record contradicts the ALJ's description of plaintiff's daily activities. The record shows that her daily activities are limited and sometimes require the assistance of family members. For example, plaintiff stated that she goes grocery shopping once a week but also explained that her husband comes with her to help. The record also shows that plaintiff gave up most of her leisure activities, and that her social life is now limited to spending time with her family. The Eighth Circuit "has repeatedly observed that the ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work." *Burress v. Apfel*, 141 F.3d 875, 881 (8th Cir. 1998). The Court agrees with the Magistrate Judge that plaintiff's testimony is consistent with Dr. Sheely's restrictions and the record as a whole.

The Court concludes that the ALJ had no basis for discounting the opinion of Dr. Sheely and relying instead upon the opinion of a non-treating physician. "A treating physician's opinion is due controlling weight if that opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). As explained above, the Court concludes that the work restrictions offered by Dr. Sheely were consistent with the record before the ALJ. The additional evidence

submitted by plaintiff to the Appeals Council provides an updated account of plaintiff's RFC and offers additional evidence contradicting the RFC found by the ALJ. The RFC should have included the work restrictions offered by Dr. Sheely. Importantly, the vocational expert testified that sustained competitive employment would not be possible with the restrictions imposed by Dr. Sheely.

The Eighth Circuit has held that there is no need to remand to the Commissioner for further consideration "[w]here the record overwhelmingly supports a disability finding and remand would merely delay the receipt of benefits to which plaintiff is entitled." *Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir. 1992). The Court concludes that an award of benefits is warranted here. As explained above, the record contains overwhelming evidence in support of a disability finding. Remand for further consideration of the evidence would merely delay the receipt of benefits. The record indicates that the onset date of plaintiff's disability was June 25, 2002, and she filed an application for disability benefits on December 12, 2002. Plaintiff has been forced to wait far too long to receive the disability benefits to which she is entitled. Accordingly, the Court remands her case to the Commissioner for a prompt award of benefits.

### ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, the Court **OVERRULES** defendant's objection [Docket No. 16] and **ADOPTS** the Magistrate Judge's well-reasoned Report and Recommendation [Docket No. 15]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment [Docket No. 8] is **GRANTED**.

2. Defendant's motion for summary judgment [Docket No. 12] is **DENIED**.

3. The case is **REMANDED** to the Commissioner for an award of benefits.

DATED: February 13, 2007                 s/ John R. Tunheim
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                             United States District Judge