UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **CATHERINE ROGERS**, | CIVIL NO. 06-385 JRT/AJB |
| PLAINTIFF, | |
| v. | **REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY**, | |
| DEFENDANT. | |

Timothy A. Krause and Ethel Schaen, Attorneys for Plaintiff Catherine Rogers

Lonnie F. Bryan, Assistant United States Attorney for the Commissioner

## I. INTRODUCTION

This matter is before the court for a report and recommendation to the district court regarding plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA). [Docket No. 21.] *See* 28 U.S.C. § 2412(d). Plaintiff Catherine Rogers requests attorney fees in the amount of $3,731.94 and costs in the amount of $250.00 (for a total of $3,981.94).

## II. BACKGROUND

Rogers brought this matter before the district court following the Commissioner's final decision denying disability by concluding that Rogers could not perform her past relevant work but that there were other jobs in the national economy that Rogers could perform. Following a *de novo* review of the

1

record, United States District Court Judge John R. Tunheim concluded that "the ALJ had no basis for discounting the testimony of Dr. Shelly [the treating physician] and relying instead on the opinion of a non-treating physician." Order 7 [Docket No. 18].  Accordingly, the district court granted Rogers' Motion for Summary Judgment, denied the Commissioner's Motion for Summary Judgment, and ordered that the matter be remanded to the Commissioner for an award of benefits.  Id. at 9.  Rogers has now filed a motion seeking to collect attorney fees and costs under the EAJA.

**III.    DISCUSSION**

Under the EAJA, a prevailing party in any civil action against the United States, including judicial review of an agency action, shall be awarded attorney fees.  28 U.S.C. § 2412(d)(1)(A).  An award of attorney fees under the EAJA is unavailable, however, if the agency's actions were substantially justified  or "special circumstances make an award unjust."  Id.  "Substantially justified means justified to a degree that could satisfy a reasonable person or having a reasonable basis in law and fact."  Koss v. Sullivan, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988) (internal quotation marks omitted)).  The burden is on the Commissioner to demonstrate that the denial of disability insurance benefits actions was substantially justified.  Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003).  In this case, the Defendant Commissioner has no objection to the award requested by Plaintiff.

### III.  RECOMMENDATION

Accordingly, this court **recommends** that Rogers' Petition for Attorney Fees [Docket No. 21] be **granted** and, attorney fees in the amount of $3,731.94[1] and costs in the amount of $250.00[2] be awarded.

Dated:   June 19, 2007

   s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **July 3, 2007**.

---

[1] Rogers requests compensation for counsel's 22.5 compensable hours (see Docket No. 21, Ex. 4) at an hourly rate of $165.86 per hour. This results in a total compensation of $3,731.94.

[2] Rogers also requests compensation for reimbursement of the filing fee.